**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SAGACITY, INC., on behalf of itself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. ___17-CV-101-KEW___ State Court Case No. CJ-17-18 |
| (1) MAGNUM HUNTER PRODUCTION, INC.; (2) PRIZE ENERGY RESOURCES, L.P.; and (3) CIMAREX ENERGY COMPANY OF COLORADO, | ) ) ) ) ) | District Court of Marshall County |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d) and 1453, Defendants Magnum Hunter Production, Inc., Prize Energy Resources, L.P., and Cimarex Energy Company of Colorado (collectively, "CECOC") remove the above-captioned action from the District Court of Marshall County to the United States District Court for the Eastern District of Oklahoma. The following facts warrant the exercise of removal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"):

1.    On February 23, 2017, Plaintiff Sagacity, Inc. ("Plaintiff") filed this action on behalf of itself and a putative class of plaintiffs.  (Exhibit 1, Petition). CECOC was served with summons on March 1, 2017.  (Exhibit 2, Summons with Notice of Service).

2.    Plaintiff alleges that this action seeks recovery of the expenses associated with processing natural gas (i.e., extracting natural gas liquids ("NGLs") from a gas stream) and with transporting, fractionating and storing NGLs.  (Exhibit 1, ¶ 7).  Plaintiff expressly

alleges that this is "Round 2 of a similar but smaller case settled class-wide in *Hitch Enterprises, Inc. et al. v. Cimarex Energy Co., et al.*, Case No. 5:11-cv-00013-W (W.D. Okla. Judge West)."  (Exhibit 1, ¶ 1).

3.     Plaintiff alleges that it is the owner of a royalty interest in multiple specified wells located in Marshall County, Oklahoma, and that CECOC holds the underlying leases and operates those wells.  (Exhibit 1, ¶ 4).

4.     On that basis, Plaintiff seeks to represent a class of persons defined as follows:

> All royalty owners in Oklahoma wells operated or leased by Prize Energy Resources, L.P., Cimarex Energy Co. of Colorado, Inc. and/or Magnum Hunter Production Inc. that have produced gas or gas constituents (such as residue gas, natural gas liquids, or helium) from January 1, 2013 to January 1, 2017.

> Excluded from the Class are: (1) the Minerals Management Service (Indian tribes and the United States); (2) Defendants, their affiliates, and employees, officers and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing or marketing; (4) all royalty owners to the extent they have sued Defendants for underpayment of royalties from January 1, 2013 to the present before this suit was filed; (5) all royalty owners that expressly authorized in their leases the deduction of processing costs from royalties; and (6) all royalty owners to the extent their wells are both subject to the class action settlement in *Chieftain v. QEP Energy*, Case No. 5:11-cv-00212-R and the well was subsequently acquired by Defendants or any of their affiliates.

(Exhibit 1, ¶ 9).

5.     Plaintiff alleges that both it and the putative Class are entitled to additional proceeds from CECOC because both Plaintiff's leases "and Class leases include implied covenants requiring Defendants to place the gas and its constituent parts in 'Marketable Condition' at Defendants' exclusive cost."  (Exhibit 1, ¶ 35).  On that basis, Plaintiff

contends more specifically that (1) CECOC "breached the implied covenants of the leases," and that "Plaintiff[] and the Class have been damaged through underpayment of the actual amounts due" (Exhibit 1, ¶¶ 37-38 (Breach of Contract)); (2) CECOC harmed force pooled royalty owners "because they keep money that should otherwise have been paid to the force pooled royalty owners" (Exhibit 1, ¶ 41 (Unjust Enrichment)); and (3) CECOC is the operator of spacing units and secondary recovery units created by the Corporation Commission, and that CECOC "breached their fiduciary duty to Plaintiffs and the Class members by failing to properly report, account for, and distribute gas proceeds to Plaintiffs and the Class members for their proportionate royalty share of gas production" (Exhibit 1, ¶¶ 47-48 (Breach of Fiduciary Duty)).

6.     This Action is removable because it is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1) and 1453.  It is removable to this judicial district because it was originally filed in the District Court of Marshall County, Oklahoma.  *See* 28 U.S.C. § 116(b).

7.     CECOC received service of the Petition on March 1, 2017.  (Exhibit 2).  This Notice of Removal, filed within 30 days after service, is timely for that reason.  *See* 28 U.S.C. §§ 1446(b), 1453.

8.     CAFA requires only "minimal diversity," which is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* at § 1332(d)(2)(A).  Each of Magnum Hunter Production, Inc. and Cimarex Energy Company of Colorado is incorporated pursuant to the laws of the State of Texas, and has its principal place of business in the State of Colorado.  (Exhibit 1, ¶ 5).  Prize Energy Resources, L.P.

is organized pursuant to the laws of the State of Delaware, and has a statutory principal place of business in the State of Colorado.  (Exhibit 1, ¶ 5; 28 U.S.C. § 1332(d)(10)).  Sagacity is an Oklahoma corporation (Exhibit 1, ¶ 4).  Moreover, CECOC is not a state, state official, or other governmental entity against whom the district court may be foreclosed from ordering relief.

9.     Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more.  28 U.S.C. § 1332(d)(5)(B).  In this action, Plaintiff alleges that putative class members number "more than 5,000 royalty owners."  (Exhibit 1, ¶ 11).

10.     The amount in controversy necessary to support a CAFA removal should be a good faith estimate of the total amount placed in dispute by Plaintiff's allegations, not a prospective assessment of the defendant's actual liability.[1]  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008).  Through putative claims it purports to assert on behalf of both lessors and force pooled royalty owners, Plaintiff seeks an award of compensatory damages in the form of allegedly underpaid royalties resulting from CECOC's decision to share the costs of (a) processing and (b) transportation, fractionation and storage of NGLs proportionally with royalty owners.

11.     Amounts allegedly recoverable by Plaintiff and the class as compensatory damages at law for breach of lease-based royalty obligations and statutory implied

---

[1] Pursuant to *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), CECOC need only assert a plausible allegation that the amount-in-controversy requirement is satisfied.

covenant obligations owed to force pooled owners pursuant to 52 O.S. § 87.1(e)—comprised of expenses for processing and for transportation, fractionation and storage of NGLs—alone exceed $5,000,000.

12.     Plaintiff presently pleads, with respect to its allegations related to Breach of Fiduciary Duty, that "Plaintiffs reserve the right to re-plead for punitive damages in the event such is warranted by the evidence."   Yet, Plaintiff also pleads that "Defendants' conduct in breaching its fiduciary duties to Plaintiffs and the class members was done intentionally, maliciously, or in reckless disregard for the rights of Plaintiffs and the Class Members."  (Exhibit 1, ¶ 49).  As "a plaintiff's attempt to limit damages in the complaint is not dispositive when determining the amount in controversy," *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012), this Court is entitled to consider potential claims of punitive damages in evaluating the amount in controversy.[2] *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("We do not agree that CAFA forbids the federal court to consider, for purposes of determining the amount in controversy, the very real possibility that a nonbinding, amount-limiting, stipulation may not survive the class certification process. . . .  To hold otherwise would, for CAFA jurisdictional purposes, . . . exalt form over substance, and run directly contrary to CAFA's primary objective: ensuring 'Federal court consideration of interstate cases of national

---

[2] A removing defendant "does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $5,000,000." *Frederick*, 683 F.3d at 1248.

importance.'").[3]  Pursuant to 23 O.S. § 9.1(C), in an action for breach of an obligation

arising not from contract (such as the alleged breach of fiduciary duty), if a defendant has

acted "intentionally and with malice," a jury may award punitive damages in an amount

not to exceed (1) $500,000, (2) twice the amount of actual damages, or (3) "the increased

financial benefit derived by the defendant or insurer as a direct result of the conduct causing

the injury to the plaintiff and other persons or entities."[4]  The availability of such a punitive

damage award to a putative class implicates additional damages in excess of $5,000,000.

13.    Additionally, the Production Revenue Standards Act ("PRSA") contains a

provision for recovery of reasonable attorney fees by a prevailing party.  *See* 52 O.S. §

570.14(C)(2) ("The prevailing party in any court proceeding brought pursuant to the

Production Revenue Standards Act shall be entitled to recover the costs of the suit,

including but not limited to reasonable attorney and expert witness fees.").  The claims

asserted by Plaintiff unquestionably fall within the purview of the PRSA.  *See* 52 O.S. §

570.3 ("The Production Revenue Standards Act shall apply to all owners and shall apply

to all producing wells, regardless of the date pooled, drilled or of the date of the underlying

---

[3] *Accord Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (Easterbrook, C.J.) ("Back Doctors did not expressly ask for a punitive award and did not include in the complaint allegations of wanton or egregious conduct.  Yet . . . Plaintiffs can amend their complaints as the litigation progresses. . . .  In federal courts, 'every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'" (citing Fed. R. Civ. P. 54(c)).

[4] Accordingly, although Plaintiff's Petition elsewhere disclaims any effort to obtain the remedy of disgorgement (Exhibit 1 at ¶ 43), Plaintiff may obtain the functional equivalent of disgorgement through the pursuit of Category II punitive damages pursuant to 23 O.S. § 9.1(C).

leases; . . . .); *Krug v. Helmerich & Payne, Inc.*, 362 P.3d 205, 211 (Okla. 2015) ("The Act regulates the marketing, sale, and production of hydrocarbons from Oklahoma wells. . . . It sets forth the operator's duties and its duties regarding proceed sharing/royalty disbursement requirements."); 52 O.S. § 903 (". . . [E]xcept where specific remedies are provided by private agreement, and as long as paragraph 1 of subsection D of Section 570.10 of Title 52 of the Oklahoma Statutes provides for an interest rate equal to or greater than twelve percent (12%) compounded annually, the Production Revenue Standards Act <u>shall provide the exclusive remedy to a person entitled to proceeds from production for failure of a holder to pay the proceeds</u> . . . ." (emphasis added)).  The availability of fees implicates at least additional hundreds of thousands of dollars in controversy.

14.    For all of the foregoing reasons, the amount in controversy—measured by the amount Plaintiff seeks to recover on behalf of the putative class as defined in his Petition—both plausibly and overtly exceeds $5 million.

15.    Pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.2, copies of all process, pleadings, and orders served upon CECOC, along with a copy of the District Court docket sheet (Exhibit 3), are attached hereto.  CECOC will file within the District Court of Marshall County a Notice of Filing Notice of Removal.

16.    There are no motions pending before the District Court of Marshall County at the time of removal.

17.    Pursuant to Fed. R. Civ. P. 81(c)(2)(C), CECOC reserves an additional seven days in which to file an answer or other responsive pleading.

Based upon these facts, CECOC removes the above-captioned action to the United States District Court for the Eastern District of Oklahoma.

DATED this 21st day of March, 2017.

Respectfully submitted,


_____/s/ Bradley W. Welsh_____
Bradley W. Welsh, OBA #18488
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103-4217
(918) 595-4800
(918) 595-4990 (fax)
**Attorneys for Magnum Hunter Production, Inc.; Prize Energy Resources, L.P.; and Cimarex Energy Company of Colorado**


## <u>CERTIFICATE OF SERVICE</u>

On March 21, 2017, I electronically transmitted the attached document to the Clerk of Court for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rex A. Sharp


_____/s/ Bradley W. Welsh_____