**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SAGACITY, INC.; THE DUNCAN GROUP, LLC; AND HITCH ENTERPRISES, INC., on behalf of themselves and a class of similarly situated persons,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. CIV-17-101-GLJ** |
| **CIMAREX ENERGY CO.; MAGNUM HUNTER PRODUCTION, INC.; PRIZE ENERGY RESOURCES, INC.; CIMAREX ENERGY COMPANY OF COLORADO; KEY PRODUCTION COMPANY, INC.,** | |
| **Defendants.** | |

**ORDER AND JUDGMENT GRANTING FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Plaintiffs Sagacity, Inc., The Duncan Group, LLC, and Hitch Enterprises, Inc. ("Plaintiffs"), on behalf of themselves and a class of similarly situated persons described below (collectively, the "Settlement Class") against Cimarex Energy Co., Magnum Hunter Production, Inc., Prize Energy Resources, Inc., Cimarex Energy Company of Colorado, and Key Production Company, Inc. (collectively, "Defendants") for the alleged underpayment of royalties on natural gas, natural gas liquids, and associated hydrocarbons produced from wells located in Oklahoma during the Claim

Period.[1] On February 2, 2024, the Parties executed a Settlement Agreement. The Settlement Agreement, together with the documents referenced therein and exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation. For the reasons set forth below, the Court now finds the Class Representatives' Motion for Final Approval of Class Action Settlement & Brief in Support [Docket No. 137] is hereby GRANTED.

On March 4, 2024, the Court preliminarily approved the Settlement Agreement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

  a. certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed class settlement;

  b. appointed Plaintiffs as Class Representatives and Plaintiffs' Counsel, Rex A. Sharp and Scott B. Goodger of Sharp Law, LLP, as Class Counsel;

  c. preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representatives' and the Settlement

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement. *See* Docket No. 129, Ex. 1.

Class's claims; (iii) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e.    preliminarily approved the form, content, and manner of the proposed Notices of Settlement to be communicated to the Settlement Class, finding specifically that such Notices of Settlement, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek Plaintiffs' Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and an Incentive Award for Class Representatives' representation of the Settlement Class; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

f.    instructed the Settlement Administrator to disseminate the approved Notices of Settlement to potential members of the Settlement Class in accordance with the Settlement Agreement and in the manner approved by the Court;

g.    provided for the appointment of a Settlement Administrator;

h.    provided for the appointment of an Escrow Agent;

     i.     set the date and time for the Final Fairness Hearing as June 7, 2024, at 10:30 A.M. in Courtroom 4, in the United States District Court for the Eastern District of Oklahoma; and

     j.     set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notices of Settlement was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On June 7, 2024, in accordance with the Preliminary Approval Order and the Notices of Settlement, the Court conducted a Final Fairness Hearing to, *inter alia*:

     a.     determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

     b.     determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.      determine whether to approve the Allocation Methodology, and the Distribution Schedule of the Net Settlement Amount to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

d.      determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

e.      determine whether the applications for Plaintiffs' Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Incentive Award to Class Representatives are fair and reasonable and should be approved,[3] and

f.      rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

1.      The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[2] The Court will issue a separate order on the allocation and distribution of the Net Settlement Amount among the Class Members (the "Final Distribution Schedule").

[3] The Court will issue separate orders on Plaintiffs' Counsel's request for Attorneys' Fees, reimbursement of Litigation Expenses, and Administration, Notice, and Distribution Costs, and the Class Representatives' request for an Incentive Award.

2.      The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendants and Class Members.

3.      The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All royalty owners in Oklahoma wells (a) operated and leased by Cimarex Energy Co., (b) operated by Cimarex Energy Co. of Colorado, Inc. and leased by Prize Energy Resources, Inc. or Magnum Hunter Production, Inc., and (c) operated or leased by Key Production Company, Inc. that have produced gas or gas constituents (such as residue gas or natural gas liquids) from January 1, 2013, to November 30, 2023.
>
> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States) and the State and Counties of Oklahoma; (2) Defendants, their affiliates, and employees, officers and directors; (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing; (4) royalty owners who have already filed and still have pending lawsuits for underpayment of royalties against Defendants, including: Fortis Minerals II, LLC, Fortis Sooner Trend, LLC, FMII STM, LLC, Sooner Trend Minerals, LLC, and Phenom Minerals, LLC; (5) all royalty owners that expressly authorized in their leases the deduction of processing costs from royalties; and (6) all royalty owners to the extent their wells are both subject to the class action settlement in *Chieftain Royalty Co. v. QEP Energy,* No. 5:11-cv-00212-R, and the well was subsequently acquired by Defendants or any of their affiliates.

For purposes of clarification, and as requested by the U.S. Department of Interior, the exclusion related to the Minerals Management Service (Indian tribes and the United States) includes agencies, departments, or instrumentalities of the United States of America and

any Indian Tribe as defined in 30 U.S.C. § 1702(4) or Indian allottee as defined in 30 U.S.C. § 3702(2).

4.      For substantially the same reasons as set out in the Court's Preliminary Approval Order, [Docket No. 136], the Court finds that the above-defined Settlement Class should be and is hereby certified for the purposes of entering this Judgment pursuant to the Settlement Agreement. Specifically, the Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement purposes. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case on a contested basis.

5.      The Court finds that the persons and entities identified in the attached Exhibit 1 have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

6.      At the Final Fairness Hearing on June 7, 2024, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representatives and Defendants and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be

made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

7.      The Court further finds that due and proper notice, by means of the Notices of Settlement, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notices of Settlement disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notices of Settlement used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

8.      Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendants, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims

against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties. The Settlement provides a means of gaining immediate, valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

9.     By agreeing to settle the Litigation, the Defendants do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically deny any and all wrongdoing and liability to the Settlement Class, Class Representatives, and Class Counsel.

10.    The Court finds that on February 28, 2024, the Defendants caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. [Docket No. 134]. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the

State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

11.     The Litigation and Released Claims are dismissed with prejudice as to the Released Parties. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (a) are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and (b) are barred and permanently enjoined from, directly or indirectly, on any Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees.

12.     The Court also approves the efforts and activities of the Settlement Administrator and the Escrow Agent in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives and Class Counsel in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Distribution Schedule approved by the Court, and the Court's other orders.

13.     Nothing in this Judgment shall bar any action or claim by Class Representatives or Defendants to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

14.     The Settlement Administrator is directed to refund to Defendants the gross amounts attributable to Class Members under the preliminary Distribution Schedule who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the timing, terms, and process detailed in the Settlement Agreement.

15.     Neither this Settlement, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, evidence of or an admission or concession by Defendants of any fault, wrongdoing, or liability whatsoever with respect to the claims and allegations in the Litigation, or class certifiability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, and the Settlement Agreement itself, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received as evidence in any action or proceeding by or against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendants and any Class Member(s), the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Released Claims in any proceeding. Further, this final Judgment shall not give rise to any

admission or collateral estoppel effect as to the certifiability of any class in any other proceeding.

16.     The Allocation Methodology and the Final Distribution Schedule are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement Agreement accordingly.

17.     The Court finds that Class Representatives, Defendants, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representatives and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

18.     Neither Defendants nor their Counsel shall have any liability or responsibility to Plaintiffs, Class Counsel, or the Settlement Class with respect to the Gross Settlement Amount or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. No Class Member shall have any claim against Plaintiffs, Class Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Final Distribution Schedule, or other orders of the Court.

19.     Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s), or (b) return the Distribution Check uncashed to the Settlement Administrator.

20.     All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with the Settlement Agreement.

21.     Any order approving or modifying any Distribution Schedule, the application by Class Counsel for an award of Plaintiffs' Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representatives for an Incentive Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein.

22.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Amount and to enforce the Judgment.

23.     In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendants.

24.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Amount, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiffs' Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representatives' request for an Incentive Award, and to enforce this Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendants and is therefore a final appealable judgment.

**IT IS SO ORDERED** this 10th day of June, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

14

**EXHIBIT 1**
**<u>EXCLUDED PERSONS/ENTITIES</u>**
BCE-Mach II, LLC
BCE-Mach III, LLC
BCE-Mach, LLC
Bounty Transfer LLC
Citation 2002 Investment LLC
Citation 2004 Investment LLC
Citation Oil & Gas Corp.
Citizen Energy III, LLC
Citizen Mineral, LLC
Gallegos Land & Cattle, L.L.C.
Little Bear Resources, LLC
Melissa Cory
Roan Resources LLC
Territory Resources LLC