## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SAGACITY, INC.; THE DUNCAN GROUP, LLC; AND HITCH ENTERPRISES, INC.,** on behalf of themselves and a class of similarly situated persons,<br><br><br>       **Plaintiffs,**<br><br>    **v.**<br><br>**CIMAREX ENERGY CO.; MAGNUM HUNTER PRODUCTION, INC.; PRIZE ENERGY RESOURCES, INC.; CIMAREX ENERGY CO. OF COLORADO; KEY PRODUCTION COMPANY, INC.,**<br><br>    **Defendants.** | **Case No. CIV-17-101-GLJ** |

## ORDER AWARDING PLAINTIFFS' ATTORNEYS' FEES, LITIGATION EXPENSES, ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS, AND INCENTIVE AWARD

Before the Court is Class Representatives' Motion for Approval of: (1) Plaintiffs' Attorneys' Fees; (2) Litigation Expenses; (3) Administration, Notice, and Distribution Costs; and (4) Incentive Award (Docket No. 138) (the "Motion"), wherein Class Representatives seek entry of an Order approving the requests for: (1) Plaintiffs' Attorneys' Fees in the amount of forty percent of the Gross Settlement Amount; (2) Litigation Expenses to date in the amount of $618,053.09; (3) Administration, Notice, and Distribution Costs to date in the amount of $32,692.43; (4) a reserve of $140,938.57 for

future Litigation Expenses and Administration, Notice, and Distribution Costs; and (5) an Incentive Award of one percent of the Gross Settlement Amount for service of the Class Representatives in prosecuting this Litigation for the Settlement Class. The Court has considered the Motion, all matters and evidence submitted in connection with the Motion, and the proceedings at the Final Fairness Hearing. As set forth more fully below, the Court finds the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1.    This Order incorporates by reference the definitions in the Settlement Agreement (Docket No. 129-1) and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.    The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Judgment granting final approval of the class action Settlement as if fully set forth.

3.    The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4.    The Notices stated that Class Counsel would seek attorneys' fees up to forty percent of the Gross Settlement Amount ($20,500,000.00), to be paid from the Gross Settlement Amount prior to distribution to Settlement Class Members. Docket No. 129-1 at 9, ¶ 1.25 (definition of Net Settlement Amount). The Notices also stated that Class Counsel would seek reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs in an amount of approximately $795,000. Settlement Admin. Decl., Docket No. 137-7 at ¶¶ 6, 9, 10. The Notices further stated that Class Representatives would

seek an Incentive Award of one percent of the Gross Settlement Amount ($205,000.00). *Id.* Notice of the requests in the Motion was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the requests is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

5.     Class Counsel provided the Court with evidence in support of the requests. This evidence was submitted before the objection deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

6.     Class Counsel is hereby awarded Plaintiff's Attorneys' Fees of $8,200,000.00, to be paid from the Gross Settlement Amount. In making this award, the Court makes the following findings of fact and conclusions of law:

     a.     The Settlement has created a fund of $20,500,000.00 in cash for payment to the Settlement Class. Settlement Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representatives and Class Counsel.

     b.     The Parties contractually agreed that the Settlement Agreement shall be governed solely by federal common law with respect to certain issues, including the right to and reasonableness of attorneys' fees, reimbursement of expenses, and an incentive award. This choice of law provision should be and is hereby enforced. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121

(10th Cir. 1999) (citing Restatement (Second) of Conflict of Laws § 187, cmt. e (Am. Law Inst. 1988)); *see also Williams v. Shearson Lehman Bros.*, 1995 OK CIV APP 154, ¶ 17, 917 P.2d 998, 1002 (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy). Courts in this district, as well as other Oklahoma federal courts, have enforced similar language in prior class action settlements. *See, e.g., Ritter v. Foundation Energy Mgmt.*, No. 22-CV-246-JFH (E.D. Okla. Dec. 15, 2023) (Docket No. 51 at ¶ 5.c) ("This choice of law provision should be and is hereby enforced."); *Cook Children's Health Foundation v. Diamondback E&P, LLC*, No. CIV-21-359-D (W.D. Okla. May 3, 2024) (Docket No. 61 at 3-4) (same); *Lee v. PetroQuest Energy, L.L.C.*, No. 16-CV-516-KEW, 2023 WL 2989948, at *2 (E.D. Okla. April 17, 2023) (same); *Hoog v. PetroQuest Energy, L.L.C.*, No. 16-CV-463-KEW, 2023 WL 2989947, at *2 (E.D. Okla. Apr. 4, 2023) (same); *Kunneman Props. LLC v. Marathon Oil Co.*, No. 22-cv-274-KEW (E.D. Okla. Feb. 16, 2023) (Docket No. 24 at 3-4) (same); *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.*, No. 17-CV-336-KEW, 2020 WL 8339215, at *2 (E.D. Okla. Mar. 3, 2020) (same); *Reirdon v. Cimarex Energy Co.*, No. CIV-16-445-SPS, 2020 WL 12814801, at *2 (E.D. Okla. Jan. 29, 2020) (same); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS, 2019 WL 7758915, at *2 (E.D. Okla. Mar. 8, 2019) (same); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Docket No. 105 at 4-5) (same); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW, 2018 WL 2296588, at *2 (E.D. Okla. Mar. 27, 2018) ("The Court

finds that this choice of law provision complies with Oklahoma choice of law and/or conflicts of laws principles and should be and is hereby enforced.") (citations omitted); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087- KEW (E.D. Okla. Jan. 29, 2018) (Docket No. 124 at 4-5) ("This choice of law provision should be and is hereby enforced."); *see also Pauper Petroleum, LLC v. Kaiser-Francis Oil Co.*, No. 19-CV-514-JFH-JFJ (N.D. Okla. Jan. 23, 2023) (Docket No. 75 at 3) (same); *Chieftain Royalty Co. v. BP America Prod. Co.*, No. 18-CV-54-JFH-JFJ (N.D. Okla. Mar. 2, 2022) (Docket No. 180 at 5) (same).

     c.     Federal Rule of Civil Procedure 23(h) states "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." An award of attorneys' fees is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and the services provided. *Voulgaris v. Array Biopharma, Inc.,* 60 F.4th 1259, 1265 (10th Cir. 2023) ("We [The Tenth Circuit] customarily defer to the district court's [fee awards] because an appellate court is not well suited to assess the course of litigation and the quality of counsel."). Such an award will only be reversed for abuse of discretion. *Id.* at 1262. Here, the requested fees are specifically authorized by law, federal common law, which is specifically authorized by an express agreement of the parties. *See* Docket No. 129-1 at 45, ¶ 11.7. Under the Parties' chosen law (federal common law), district courts have discretion to apply either the percentage of the fund method or the lodestar method—but, in the Tenth Circuit, the percentage of the fund method is preferred. *Voulgaris,* 60 F.4th at 1263. Further, in

5

the Tenth Circuit, in a percentage-of-the-fund recovery case such as this, where federal common law is used to determine the reasonableness of the attorneys' fee under Rule 23(h), neither a lodestar nor a lodestar cross check is required. *Id.* at 1265.

      d.    Courts within this district have acknowledged the Tenth Circuit's preference for the percentage method and rejected application of a lodestar analysis or lodestar cross check. *See Voulgaris,* 60 F.4th at 1265 ("The district court was not required to perform a lodestar cross-check.") (citing *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988)); *see, e.g.*, *Hoog*, 2023 WL 2989947, at *2; *Kunneman Props. LLC v. Marathon Oil Co.*, No. 22-cv-274-KEW (E.D. Okla. Feb. 16, 2023) (Docket No. 24 at 3-4); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Docket No. 120 at 21-24); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Docket No. 105); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW (E.D. Okla. Mar. 27, 2018) (Docket No. 231); *Reirdon v. XTO Energy Inc.*, No. 16-cv-00087 KEW (E.D. Okla. Jan. 29, 2018) (Docket No. 124); *Cecil v. BP America Production Co.*, No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Docket No. 260). Other Oklahoma federal courts agree. *See, e.g.*, *Cook Children's Health Foundation v. Diamondback E&P, LLC,* No. CIV-21-359-D (W.D. Okla. May 3, 2024) (Docket No. 61 at 5-6); *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R (W.D. Okla. Oct. 5, 2012) (Docket No. 329).

      e.    The percentage methodology calculates the fee as a reasonable

percentage of the value obtained for the benefit of the class. *See Voulgaris,* 60 F.4th at 1263 (citing *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.,* 888 F.3d 455, 458 (10th Cir. 2017) (The percentage-of-the-fund method "awards class counsel a share of the benefit achieved for the class."). When determining attorneys' fees under this method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Voulgaris,* 60 F.4th at 1263 (citing *Brown,* 838 F.3d at 454-55). Not all of the factors apply in every case, and some deserve more weight than others depending on the facts at issue. *Brown,* 838 F.2d at 456. Based upon that analysis, the applicable law, and the evidence submitted to the Court, the Court concludes that the requested fee of $8,200,000.00, which represents 40% of the Gross Settlement Amount, is reasonable.

   f. The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Voulgaris,* 60 F.4th at 1263 n.1.

g.    The Court finds that the eighth *Johnson* factor—the amount involved in the case and the results obtained—weighs heavily in support of the requested fee. *See Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); Fed. R. Civ. P. 23(h), adv. comm. note (explaining for a "percentage" or contingency-based approach to class action fee awards, "results achieved is the basic starting point").

h.    Here, the evidence shows that, under the results obtained factor, the fee request is fair and reasonable under the circumstances. The cash settlement of $20,500,000.00 represents a substantial recovery of the amount at issue. Unlike cases in which absent class members' recovery is contingent upon their submission of information or some sort of complicated claims process, here, these benefits are guaranteed and automatically bestowed upon the Settlement Class because of the Settlement. Accordingly, the "results obtained" factor strongly supports a fee award of $8,200,000.00 to be paid from the up-front cash settlement of $20,500,000.00.

i.    The Court finds the other *Johnson* factors also support and weigh strongly in favor of the fee request. First, the Court finds the evidence of the time and labor involved weighs in favor of the fee request. The time and labor Class Counsel have expended in the research, investigation, prosecution, and resolution of this Litigation is set forth in detail in the Class Counsel Declaration (Docket No. 137-6). In summary, this evidence establishes that Class Counsel investigated and analyzed the Settlement Class's claims, reviewing documents and a large amount of

8

electronically produced data, including historical accounting records for the thousands of Defendants' royalty owners. Class Counsel spent significant time working with experts in the prosecution and evaluation of the Settlement Class's claims and engaged in a lengthy and complex negotiation process to obtain this Settlement. The process necessary to achieve this Settlement required years of litigation and negotiations and extensive consultation with experts to evaluate and analyze damages.

j.      Second, the Court finds that the evidence regarding the novelty and difficulty of the questions presented in this action weighs in favor of the fee request. Class actions are known to be complex and vigorously contested. The Court finds that this case presented novel and difficult issues. The legal and factual issues litigated in this case involved complex and highly technical issues. The claims involved difficult and highly contested issues of oil-and-gas law. The successful prosecution and resolution of the Settlement Class's claims required Class Counsel to work with experts to analyze complex data to support their legal theories and evaluate the amount of alleged damages. The Court finds the fact that Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel and obtained a significant recovery for the Settlement Class further supports the fee request in this case. Moreover, the Defendants asserted a number of significant defenses to the Settlement Class's claims that would have to be overcome if the Litigation continued to trial. Thus, the immediacy and certainty of this recovery, when considered against the very real risks of continuing to a difficult

trial and possible appeal, weighs in favor of the fee request.

k.       The Court finds that the third and ninth *Johnson* factors—the skill required to perform the legal services and the experience, reputation, and ability of the attorneys—support the fee request. The Court finds the Declarations and other undisputed evidence submitted prove that this Litigation called for Class Counsel's considerable skill and experience in oil-and-gas and complex class action litigation to bring it to such a successful conclusion, requiring investigation and mastery of complex facts, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses. Courts in this district are familiar with the work of Class Counsel in other successful oil-and-gas class action cases, and the Court finds that these attorneys possess the type of experience, reputation, and ability that supports the fee request.

l.       The Court finds that the evidence regarding the fourth and seventh *Johnson* factors—the preclusion of other employment by Class Counsel and time limitations imposed by the client or circumstances—weighs in favor of the fee request (preclusion of employment) or are neutral (time limitations imposed by the client). The Declarations and other undisputed evidence prove that Class Counsel were necessarily hindered in their work on other cases due to their dedication of time and effort to the prosecution of this Litigation. This case has required the devotion of significant time, energy, and resources from Class Counsel.

m.       The Court finds the evidence regarding the fifth *Johnson* factor—the customary fee and awards in similar cases—further weighs in favor of the fee

request. Class Counsel and each of the Class Representatives negotiated and agreed to prosecute this case based on a contingent fee up to 40%. The Court finds this fee is consistent with the market rate and is in the range of the "customary fee" in oil-and-gas class actions in Oklahoma state and federal courts. Federal and state courts in Oklahoma regularly approve similar fee awards in similar cases. *See, e.g., Lee,* No. 16-CV-516-KEW, 2023 WL 2989948, at *4-5 (E.D. Okla. April 17, 2023); *Hoog,* No. 16-CV-463-KEW, 2023 WL 2989947, at *4 (E.D. Okla. Apr. 4, 2023); *Kunneman Props. LLC v. Marathon Oil Co.*, No. 22-cv-274-KEW (E.D. Okla. Feb. 16, 2023) (Docket No. 24 at 8-9); *Chieftain*, No. 17-CV-336-KEW, 2020 WL 8339215 (E.D. Okla. Mar. 3, 2020); *see also Pauper Petroleum,* No. 19-CV-514-JFH-JFJ (N.D. Okla. Jan. 23, 2023) (Docket No. 75 at 9); *Cook Children's Health Foundation v. Diamondback E&P, LLC,* No. CIV-21-359-D (W.D. Okla. May 3, 2024) (Docket No. 61). The Court finds a 40% fee is consistent with the market rate for high quality legal services in class actions like this.

n.      The Court finds the sixth *Johnson* factor—the contingent nature of the fee—also supports the fee request. Class Counsel undertook this Litigation on a purely contingent fee basis (with the amount of any fee being subject to Court approval), assuming the risk that the Litigation would yield no recovery and leave them uncompensated. Courts consistently recognize that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees.

o.      The Court finds the evidence shows that the tenth *Johnson* factor—the undesirability of the case—weighs in favor of the fee request. The investment by

Class Counsel of their time, money, and effort, in a complex case such as this, coupled with the attendant potential of no recovery and loss of all the time and expenses advanced by Class Counsel, rendered this case sufficiently undesirable so as to preclude many law firms from taking a case of this nature. And this Litigation involved a number of uncertain legal and factual issues. Indeed, in another complex royalty underpayment class action, one Oklahoma state court explained:

> Few law firms are willing to litigate cases requiring review of tens of thousands of pages of detailed contracts and accounting records, advance payment of hundreds of thousands of dollars in consultants and expert witness fees, and investment of substantial time, effort, and other expenses throughout an unknown number of years to prosecute a case with high risk, both at the trial and appellate levels.

*Fitzgerald Farms, LLC v. Chesapeake Operating, L.L.C.*, No. CJ-2010-38, 2015 WL 5794008, at *8 (Okla. Dist. Ct. July 2, 2015).

      p.    The Court finds the eleventh *Johnson* factor—the nature and length of the professional relationship with the client—also supports the fee request. Class Representatives were actively involved in the Litigation. Accordingly, the Court finds this factor supports Class Counsel's fee request.

      q.    In summary, upon consideration of the evidence, pleadings on file, arguments of the parties, and the applicable law, the Court finds that the *Johnson* factors under federal common law weigh strongly in favor of the fee request and that the fee request is fair and reasonable and should be and is hereby approved.

      7.    With respect to the request for reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, the Court awards: (1) Litigation Expenses

to date in the amount of $618,053.09; (2) Administration, Notice, and Distribution Costs to date in the amount of $32,692.43; and (3) a reserve of up to $140,938.57 for future Litigation Expenses and Administration, Notice, and Distribution Costs, subject to Court approval upon motion of the Class Representatives. In making these awards, the Court makes the following findings of fact and conclusions of law:

a. The prior findings of fact and conclusions of law are incorporated herein by reference.

b. Class Counsel provided the Court with evidence in support of the requests for reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs. *See* Docs. 136-6, 136-7. This evidence was submitted to the Court before the objection deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

c. Applying federal common law, Rule 23(h) of the Federal Rules of Civil Procedure allows courts to reimburse counsel for "nontaxable costs that are authorized by law." Fed. R. Civ. P. 23(h). To this end, district courts have noted, "[a]s with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Ritter v. Foundation Energy Mgmt.*, No. 22-CV-246-JFH (E.D. Okla. Dec. 15, 2023) (Docket No. 51 at ¶ 6.d (quoting *Vaszlavik v. Storage Corp.*, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000)).

d. The Court finds that the Litigation Expenses were reasonably and necessarily incurred by Class Counsel and are directly related to their prosecution

and resolution of the Litigation over the course of many years. Therefore, Class Counsel is awarded Litigation Expenses to date in the amount of $618,053.09.

      e.    Class Counsel's request for approval of Administration, Notice, and Distribution Costs associated with effectuating the Settlement were also reasonably and necessarily incurred and are directly related to the administration of the Settlement. Therefore, the Court also approves Administration, Notice, and Distribution Costs to date in the amount of $32,692.43.

      f.    Class Counsel has also provided evidence that they anticipate $35,000 for future Litigation Expenses and $105,938.57 for future Administration, Notice, and Distribution Costs. Therefore, the Court further approves a reserve from the Gross Settlement Amount of $140,938.57 for such future expenses, subject to approval by the Court upon motion of Class Representatives.

8.    With respect to the request for an Incentive Award, the Court awards Class Representatives $205,000.00, to be to be equally divided among them. In making this award, the Court makes the following findings of fact and conclusions of law:

      a.    The prior findings of fact and conclusions of law are incorporated herein by reference.

      b.    Class Representatives provided the Court with evidence in support of their request for an Incentive Award. *See* Docs. 137-3, 137-4 & 137-4. This evidence was submitted to the Court before the objection deadline, and none of the evidence was validly objected to or otherwise refuted by any Settlement Class Member.

      c.    Federal courts regularly give incentive awards to compensate named

14

plaintiffs. *See, e.g., Hoog v. PetroQuest Energy, L.L.C.*, No. 16-CV-463-KEW, 2023 WL 2989947, at *6 (E.D. Okla. Apr. 4, 2023) (citing *UFCW Local 880-Retail Food v. Newmont Mining Corp.,* 352 F. App'x 232, 235 (10th Cir. 2009)) ("Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives . . . Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class.") (cleaned up); *Kunneman Props. LLC v. Marathon Oil Co.*, No. 22-cv-274-KEW (E.D. Okla. Feb. 16, 2023) (Docket No. 24 at 12) (same); *Chieftain Royalty Co. v. Laredo Petroleum, Inc.,* No. 12-cv-1319-D, 2015 WL 2254606, at *4-5 (W.D. Okla. May 13, 2015) ("Case contribution awards are meant to compensate class representatives for their work on behalf of the class, which has benefitted from their representation.").

d.      The services for which incentive awards are given typically include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." Newberg § 17:3. The award should be proportional to the contribution of the plaintiff. *Id.* § 17:18.

e.      Class Representatives seek an award of 1% of the Gross Settlement Amount ($205,000.00), to be equally divided among them, based on the demonstrated risk and burden as well as compensation for time and effort. The request is consistent with, and even less than, awards entered in similar cases. *See, e.g., Hoog*, 2023 WL 2989947, at *6 (E.D. Okla. Apr. 4, 2023) (awarding 1% of the

Gross Settlement Fund as an incentive award); *Kunneman Props. LLC v. Marathon Oil Co.*, No. 22-cv-274-KEW (E.D. Okla. Feb. 16, 2023) (Docket No. 24 at 12-13) (awarding 2% of the Gross Settlement Fund as an incentive award); *Harris v. Chevron U.S.A., Inc.*, et al., No. 19-CV-355-SPS (E.D. Okla. Feb. 27, 2020) (Docket No. 40 at 17) (The class representative's "request for an award of two percent is consistent with awards entered by Oklahoma state and federal courts, as well as federal courts across the country."); *Underwood v. NGL Energy Partners, LP*, No. 21-CV-1135-CVE-SH (N.D. Okla. June 15, 2023) (Docket No. 73 at 11) ("I find Class Representatives' request for an award of 2% of the Gross Settlement Fund to be fair and reasonable and supported by the evidence."); *Hay Creek Royalties, LLC v. Mewbourne Oil Co.*, No. 20-CV-1199-F (W.D. Okla. July 11, 2022) (Docket No. 38 at 14) (awarding 2% of the up-front cash settlement value).

    f.    Because Class Representatives have dedicated time, attention, and resources to this Litigation and to the recovery of underpaid royalty on behalf of the Settlement Class from Defendants, the Court finds they are entitled to an Incentive Award to reflect the important roles they played in representing the interests of the Settlement Class and in achieving the substantial result reflected in the Settlement. The Court finds Class Representatives' request for a total award of 1% of the Gross Settlement Amount to be fair and reasonable and supported by the evidence. The Court therefore awards an Incentive Award to Class Representatives in the amount of $205,000.00, to be divided equally among them.